ORIGINAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/16/12_

---

UNITED STATES OF AMERICA *ex rel.*
SHERRY A. HUNT,

    Plaintiff,

        v.

CITIGROUP, INC.,
CITIBANK NA, INC., and
CITIMORTGAGE, INC.,

    Defendants.

---

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

        v.

CITIMORTGAGE, INC.,

    Defendant.

---

**STIPULATION AND ORDER**
**OF SETTLEMENT AND**
**DISMISSAL**

11 Civ. 5473 (VM)
ECF Case

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the

"Stipulation") is entered into by and among the United States of America, by its attorney

Preet Bharara, United States Attorney for the Southern District of New York, and on

behalf of the United States Department of Housing and Urban Development ("HUD")

and the Federal Housing Administration ("FHA") (collectively, the "United States" or

"Government"); defendants Citigroup Inc. ("Citigroup"), Citibank, N.A. ("Citibank"),

and CitiMortgage, Inc. ("CitiMortgage") (collectively "Defendants"); and Relator Sherry

A. Hunt (the "Relator") (hereinafter collectively referred to as the "Parties") by their

authorized representatives;

WHEREAS, CitiMortgage is a corporation organized and existing under the laws of the State of New York that is a direct subsidiary of Citibank; Citibank is an entity chartered under the National Bank Act that is an indirect subsidiary of Citigroup; and Citigroup is a corporation organized and existing under the laws of the State of Delaware;

WHEREAS, since 1981, CitiMortgage has been a participant in the Direct Endorsement Lender program (the "DEL Program"), a Government program administered by the FHA that authorizes private-sector mortgage lenders ("Direct Endorsement Lenders") to approve mortgage loans for insurance by the FHA;

WHEREAS, on or about August 5, 2011, Relator commenced a *qui tam* action (the "Civil Action") pursuant to the False Claims Act, 31 U.S.C. § 3730(b), by filing a Complaint in the United States District Court for the Southern District of New York (the "Court") against Defendants, and on October 20, 2011, Relator filed a First Amended Complaint in the Civil Action;

WHEREAS, in the Civil Action, Relator alleges, among other things, that Defendants violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, in connection with CitiMortgage's participation in the DEL Program by "caus[ing] the United States or its departments or agents to insure . . . mortgages originated . . . by Defendants, based upon Defendants' false statements that said loans were consistent with the United States' regulations and rules with regard to the quality of said mortgages or loans . . . ."

WHEREAS, simultaneously with the filing of this Stipulation, the Government has intervened in the Civil Action as against defendant CitiMortgage and filed a Complaint-in-Intervention of the United States of America (the "Government's Complaint");

2

WHEREAS, the Government's Complaint alleges that during the period January 1, 2004, to date (the "Covered Period"), CitiMortgage submitted false certifications to FHA and HUD concerning CitiMortgage's compliance with DEL Program rules and has endorsed loans for FHA insurance in violation of DEL Program rules;

WHEREAS, the Government's Complaint alleges that CitiMortgage is liable under the False Claims Act, 31 U.S.C. §§ 3729-33, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, and the common law theory of breach of fiduciary duty;

WHEREAS, the conduct alleged in the Government's Complaint and Defendants' acts or omissions arising out of or relating to the origination, underwriting, or endorsement of all FHA-insured loans by CitiMortgage through the Effective Date in connection with the DEL Program, shall be defined as the "Covered Conduct"; and

WHEREAS, the Parties have reached a mutually-agreeable resolution addressing Defendants' conduct through this Stipulation;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1.     The Court's subject matter jurisdiction over this action is undisputed and Defendants consent to the Court's exercise of personal jurisdiction over them.

2.     CitiMortgage admits, acknowledges, and accepts responsibility for the following conduct alleged in the Government's Complaint:

(a)     As a Direct Endorsement Lender, CitiMortgage must comply with certain HUD-FHA requirements.

3

      (b)     CitiMortgage failed to comply fully with all HUD-FHA requirements with respect to certain loans.

      (c)     HUD-FHA rules require Direct Endorsement Lenders to conduct a full review of all loans endorsed for FHA mortgage insurance pursuant to the DEL Program that become 60 days past due within the first six payments ("early payment defaults").

      (d)     CitiMortgage failed to conduct a full review of certain loans that it endorsed for FHA mortgage insurance pursuant to the DEL Program that experienced early payment defaults: i.e., became 60 days past due within the first six payments.

      (e)     For every mortgage loan that CitiMortgage endorsed for FHA mortgage insurance pursuant to the DEL Program, CitiMortgage submitted Form HUD 92900-A, or an equivalent form, to HUD-FHA ("loan-level certifications").

      (f)     In each loan-level certification, the Direct Endorsement Lender certifies to HUD-FHA that the loan is eligible for FHA mortgage insurance under the DEL Program.

      (g)     During the Covered Period, CitiMortgage endorsed for FHA mortgage insurance pursuant to the DEL Program certain loans that did not meet underwriting requirements contained in HUD's handbooks and mortgagee letters, and therefore were not eligible for FHA mortgage insurance under the DEL Program.

4

(h)     As a result, CitiMortgage submitted to HUD-FHA certifications stating that certain loans were eligible for FHA mortgage insurance when in fact they were not;  FHA insured certain loans endorsed by CitiMortgage that were not eligible for FHA mortgage insurance and that FHA would not otherwise have insured; and HUD consequently incurred losses when those CitiMortgage-endorsed loans defaulted.

3.     Defendants shall pay to the Government $158.3 million within thirty days of the Effective Date (defined in Paragraph 27 below) (the "Settlement Amount").

4.     Payment of the Settlement Amount pursuant to this Settlement Agreement shall be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York and shall reference Case Number 11-5423.  Any amounts distributed to HUD-FHA pursuant to this Stipulation may be deposited into FHA's Capital Reserve Account.

5.     CitiMortgage agrees and commits to work with HUD going forward to maintain business practices that are in compliance with HUD-FHA requirements applicable to Direct Endorsement Lenders.

6.     Subject to the exceptions in Paragraph 10 below (concerning excluded claims), conditioned upon Defendants' full payment of the Settlement Amount, and subject to Paragraph 16 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or any payment made under this Stipulation), the United States, on behalf of its officers, agencies and departments (including HUD), releases Defendants and all of their current and former officers, directors, employees, affiliates, and assigns (collectively, the "Citi Releasees") from any

5

civil claim or administrative monetary claim the Government has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729 et seq., the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; FIRREA, 12 U.S.C. § 1833a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801 et seq., and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing.

7.    Subject to the exceptions in Paragraph 10 below, conditioned upon Defendants' full payment of the Settlement Amount, and subject to Paragraph 17 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or any payment made under this Stipulation), Relator, for herself and her heirs, successors, attorneys, agents, and assigns, releases the Citi Releasees from any and all claims of every nature and description, known or unknown, that the Relator has or may have up to and including the Effective Date, including but not limited to any claims the Relator has or has asserted on behalf of the United States in the Civil Action, provided however, that nothing in this Stipulation shall preclude Relator from seeking to recover her expenses or attorney's fees and costs from CitiMortgage pursuant to 31 U.S.C. § 3730(d).

8.    CitiMortgage releases the Government, its agencies, employees, servants, and agents from any claims that CitiMortgage has asserted, could have asserted, or may assert in the future, against the Government, its agencies, employees, servants, or agents, related to the Covered Conduct and the Government's investigation and prosecution thereof.

9.    In consideration of the Relator's execution of this Stipulation and Relator's releases as set forth in Paragraph 7, Defendants release Relator, her heirs, attorneys, agents, successor, and assigns (the "Relator Releasees"), from any and all claims for any action, events,

6

or conduct that predates this Stipulation. Notwithstanding the foregoing, this release shall not apply to any claims by the Defendants against the Relator Releasees arising out of a customer relationship, including, but not limited to any debt, credit card, insurance, loan, mortgage or securities obligation owed by Relator Releasees to the Defendants.

10.     Notwithstanding the release given in paragraphs 6 and 7 above, or any other term of this Stipulation, the following claims of the Government are specifically reserved and are not released by this Stipulation:

      a.     Any liability arising under Title 26 of the United States Code (Internal Revenue Code);

      b.     Any criminal liability;

      c.     Any liability arising out of or relating to mortgage loans other than loans originated or underwritten by CitiMortgage and insured by FHA;

      d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

      e.     Any liability based upon obligations created by this Stipulation.

11.     Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation but agree and confirm that this Stipulation is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in the Stipulation and Order of Settlement and Release between the United States and Relator, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31

7

U.S.C. § 3730, and from any claims to a share of the proceeds of this Stipulation and/or the Civil Action.

12.     Defendants shall be in default of this Stipulation if they fail to make the payment set forth in Paragraph 3 above by the due date stated therein ("Default"). The Government shall provide written notice to Defendants of any Default, to be sent by first-class certified mail to the undersigned attorney for Defendants. Defendants shall then have an opportunity to cure the Default within seven (7) business days from the date of receipt of the notice of Default. In the event that a Default is not fully cured within seven (7) business days of the receipt of the notice of Default ("Uncured Default"), the full Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of nine percent per annum compounded annually on the remaining unpaid principal balance, beginning seven (7) business days after mailing of the notice of Default. In the event of an Uncured Default, Defendants agree to the entry of a consent judgment in the form attached hereto as Exhibit A, and further agree that the United States, at its option, may (a) rescind this Stipulation and reinstate the Government's Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing CitiMortgage by any department, agency, or agent of the United States at the time of Default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Defendants shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any court. In addition, Defendants shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Defendants shall not plead, argue, or otherwise raise any

8

defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct, except to the extent such defenses were available on the Effective Date.

13.     Defendants waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

14.     Defendants agree to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendants, their present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Stipulation;

(2)     the United States' audit(s) and civil investigation(s) of the matters covered by this Stipulation;

(3)     Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

9

(4)     the negotiation and performance of this Stipulation;

(5)     the payment Defendants make to the United States pursuant to this

Stipulation and any payments that Defendants may make to Relator, including

costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as

"Unallowable Costs").

b.      Future Treatment of Unallowable Costs: Unallowable Costs will be

separately determined and accounted for by Defendants, and Defendants shall not charge

such Unallowable Costs directly or indirectly to any contract with the United States.

c.      Treatment of Unallowable Costs Previously Submitted for Payment:

Within 90 days of the Effective Date of this Stipulation, Defendants shall identify and

repay by adjustment to future claims for payment or otherwise any Unallowable Costs

included in payments previously sought by Defendants or any of their subsidiaries or

affiliates from the United States. The United States, including the Department of Justice

and/or the affected agencies, reserves its rights to audit, examine, or re-examine

Defendants' books and records and to disagree with any calculations submitted by

Defendants or any of their subsidiaries or affiliates regarding any Unallowable Costs

included in payments previously sought by Defendants, or the effect of any such

Unallowable Costs on the amount of such payments.

15.     Except as expressly provided to the contrary in this Stipulation, this Stipulation is

intended to be for the benefit of the Parties only. The Parties are not releasing any claims against

any other person or entity except as expressly provided to the contrary in this Stipulation.

10

16.     Defendants represent and warrant that they have reviewed their financial situation, that they are currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that they reasonably believe that they shall remain solvent following payment to the Government of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

17.     If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Defendants commence, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or part of Defendants' assets, Defendants agree as follows:

a.     Defendants' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the

11

time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendants.

b.     If any of Defendants' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the release in Paragraph 6 above.  Defendants agree that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendants shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendants that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has a valid claim against Defendants in the amount of $158.3 million and the Government may pursue its claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

c.     Defendants acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

12

18.     Except as set forth in Paragraph 7 above, (which preserves the Relator's ability to seek certain attorneys' fees pursuant to 31 U.S.C. § 3730(d)), each Party shall bear its own and its employees' legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

19.     Any failure by the Government to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

20.     This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

21.     Subject to the exceptions set forth in this Stipulation, and in consideration of the obligations of CitiMortgage set forth in this Stipulation, and conditioned upon CitiMortgage's full compliance with the terms of this Stipulation, the Government shall dismiss with prejudice the Government's Complaint and, subject to Relator's right to seek to recover attorney's fees, costs, and expenses from CitiMortgage pursuant to 31 U.S.C. § 3730(d), Relator shall dismiss with prejudice all claims asserted in the Civil Action, provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to enforce the obligations of each Party under this Stipulation.

13

22.     Except to the extent otherwise explicitly stated in writing, this Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

23.     The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

24.     All Parties consent to the Government's disclosure of this Stipulation, and information about the Stipulation, to the public.

25.     This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

26.     Any notices pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or facsimile transmission followed by postage-prepaid certified mail, and shall be addressed as follows:

IF TO THE UNITED STATES:

    Robert William Yalen
    Joseph N. Cordaro
    Jaimie L. Nawaday
    Assistant United States Attorneys
    United States Attorney's Office
    Southern District of New York
    86 Chambers Street, Third Floor
    New York, New York 10007
    Facsimile: (212) 637-2702

14

IF TO DEFENDANTS:

      Theodore V. Wells, Jr.
      Brad S. Karp
      Joyce S. Huang
      Paul, Weiss, Rifkind, Wharton & Garrison LLP
      1285 Avenue of the Americas
      New York, New York 10019
      Facsimile: (212) 757-3990

IF TO RELATOR:

      Finley Gibbs
      Rotts & Gibbs, LLC
      1001 East Walnut Street, Suite 301
      Columbia, Missouri 65201
      Facsimile: (573) 443-7099

27.    The effective date of this Stipulation is the date upon which this Stipulation is

entered by the Court (the "Effective Date").

[SIGNATURE PAGE TO FOLLOW]

Agreed to by:

## THE UNITED STATES OF AMERICA

Dated:     New York, New York
             February 13, 2012

> PREET BHARARA
> United States Attorney for the
> Southern District of New York
>
> By: _____
> Robert William Yalen
> Joseph N. Cordaro
> Jaimie L. Nawaday
> Assistant United States Attorney
> 86 Chambers Street, Third Floor
> New York, New York 10007
>
> *Attorneys for the United States of America*

16

**THE RELATOR**

Dated:          Columbia, Missouri
                February 13, 2012

                                    ROTTS & GIBBS, LLC

                          By:       _____
                                    Finley Gibbs
                                    1001 East Walnut Street, Suite 301
                                    Columbia, Missouri 65201

                                    *Attorney for the Relator*

Dated:          Silex, Missouri
                February 13, 2012

                                    *Relator*

                                    *Sherry a. Hunt*
                                    _____
                                    SHERRY A. HUNT

17

**CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE, INC.**

Dated:  New York, New York
        February ___, 2012

                By: _____*Theodore V. Wells, Jr.*_____
                     Theodore V. Wells, Jr.
                     Brad S. Karp
                     Joyce S. Huang
                     Paul, Weiss, Rifkind, Wharton & Garrison LLP
                     1285 Avenue of the Americas
                     New York, New York 10019-6064

                     *Attorneys for Citigroup Inc., Citibank, N.A.,*
                     *CitiMortgage, Inc.*

Dated:  New York, New York
        February ___, 2012

                By: _____

                Title:_____

                     *Citigroup Inc.*

Dated:  New York, New York
        February ___, 2012

                By: _____

                Title:_____

                     *Citibank, N.A.*

Dated:  New York, New York
        February ___, 2012

                By: _____

                Title:_____

                     *CitiMortgage, Inc.*

18

**CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE, INC.**

Dated:  New York, New York
        February __, 2012

        By: _____

               Theodore V. Wells, Jr.
               Brad S. Karp
               Joyce S. Huang
               Paul, Weiss, Rifkind, Wharton & Garrison LLP
               1285 Avenue of the Americas
               New York, New York 10019-6064

               *Attorneys for Citigroup Inc., Citibank, N.A., CitiMortgage, Inc.*

Dated:  New York, New York
        February 13, 2012

        By: _____

        Title: _____

               *Citigroup Inc.*

Dated:  New York, New York
        February 13, 2012

        By: _____

        Title: _____

               *Citibank, N.A.*

Dated:  New York, New York
        February __, 2012

        By: _____

        Title: _____

               *CitiMortgage, Inc.*

18

**CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE, INC.**

Dated: New York, New York
      February __, 2012

              By: _____

                    Theodore V. Wells, Jr.
                    Brad S. Karp
                    Joyce S. Huang
                    Paul, Weiss, Rifkind, Wharton & Garrison LLP
                    1285 Avenue of the Americas
                    New York, New York 10019-6064

                    *Attorneys for Citigroup Inc., Citibank, N.A., CitiMortgage, Inc.*

Dated: New York, New York
      February __, 2012

              By: _____

              Title: _____

                    *Citigroup Inc.*

Dated: New York, New York
      February __, 2012

              By: _____

              Title: _____

                    *Citibank, N.A.*

Dated: New York, New York
      February 13, 2012

              By: _____

              Title: Senior Vice President

                    *CitiMortgage, Inc.*

| SO ORDERED. | |
|---|---|
| 2-15-12 | |
| DATE | VICTOR MARRERO, U.S.D.J. |

18

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

19

A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA *ex rel.*
SHERRY A. HUNT,

Plaintiff,

v.

CITIGROUP, INC.,
CITIBANK NA, INC., and
CITIMORTGAGE, INC.,

Defendants.

11 Civ. 5423 (VM)
ECF Case

**CONSENT JUDGMENT**

Judgment No. _____

UNITED STATES OF AMERICA,

Plaintiff-Intervenor,

v.

CITIMORTGAGE, INC.,

Defendant.

Upon the consent of plaintiff-intervenor the United States of America and defendants

Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc., following entry of a stipulation and order

of settlement; it is hereby

**ORDERED, ADJUDGED AND DECREED:** That plaintiff-intervenor the United

States of America is awarded judgment in the sum of $158,300,000 as of February 14, 2012, as

against defendants Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc., jointly and severally,

plus any and all applicable post-judgment interest as permitted by law.

Consented to by:

PREET BHARARA
United States Attorney for the
Southern District of New York

By:

Robert William Yalen
Joseph N. Cordaro
Jaimie L. Nawaday
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2730
Email: robert.yalen@usdoj.gov
           joseph.cordaro@usdoj.gov
           jaimie.nawaday@usdoj.gov
*Attorney for Plaintiff-Intervenor*
*the United States of America*


PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By:

Theodore V. Wells, Jr.
Brad S. Karp
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone No. (212) 373-3000
Facsimile No. (212) 757-3990
Email: twells@paulweiss.com
           bkarp@paulweiss.com
           jhuang@paulweiss.com
*Attorneys for Defendants Citigroup Inc.,*
*Citibank, N.A., CitiMortgage, Inc.*

Dated: New York, New York
       February 15, 2012

So Ordered:

Victor Marrero
United States District Judge

**Clerk of Court**

By:

**Deputy Clerk**

2

Consented to by:

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     _____

Robert William Yalen
Joseph N. Cordaro
Jaimie L. Nawaday
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2730
Email: robert.yalen@usdoj.gov
        joseph.cordaro@usdoj.gov
        jaimie.nawaday@usdoj.gov
*Attorney for Plaintiff-Intervenor
the United States of America*


PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By:     *Theodore V. Wells, Jr.*_____

Theodore V. Wells, Jr.
Brad S. Karp
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone No. (212) 373-3000
Facsimile No. (212) 757-3990
Email: twells@paulweiss.com
        bkarp@paulweiss.com
        jhuang@paulweiss.com
*Attorneys for Defendants Citigroup Inc.,
Citibank, N.A., CitiMortgage, Inc.*

Dated: New York, New York
       February _____, 2012

**So Ordered:**

_____
United States District Judge

**Clerk of Court**

_____

By:

_____
**Deputy Clerk**

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA *ex rel.*
SHERRY A. HUNT,

    Plaintiff,

        v.

CITIGROUP, INC.,
CITIBANK NA, INC., and
CITIMORTGAGE, INC.,

    Defendants.

---

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

        v.

CITIMORTGAGE, INC.,

    Defendant.

---

11 Civ. 5423 (VM)
ECF Case

**CONSENT JUDGMENT**

Judgment No. _____

---

     Upon the consent of plaintiff-intervenor the United States of America and defendants

Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc., following entry of a stipulation and order

of settlement; it is hereby

     **ORDERED, ADJUDGED AND DECREED:** That plaintiff-intervenor the United

States of America is awarded judgment in the sum of $158,300,000 as of February 14, 2012, as

against defendants Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc., jointly and severally,

plus any and all applicable post-judgment interest as permitted by law.

Consented to by:

PREET BHARARA
United States Attorney for the
Southern District of New York

By:

Robert William Yalen
Joseph N. Cordaro
Jaimie L. Nawaday
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2730
Email: robert.yalen@usdoj.gov
        joseph.cordaro@usdoj.gov
        jaimie.nawaday@usdoj.gov
*Attorney for Plaintiff-Intervenor*
*the United States of America*


PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By:

Theodore V. Wells, Jr.
Brad S. Karp
Joyce S. Huang
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone No. (212) 373-3000
Facsimile No. (212) 757-3990
Email: twells@paulweiss.com
        bkarp@paulweiss.com
        jhuang@paulweiss.com
*Attorneys for Defendants Citigroup Inc.,*
*Citibank, N.A., CitiMortgage, Inc.*

Dated: New York, New York
       February 15, 2012

So Ordered:

Victor Marrero
United States District Judge

**Clerk of Court**

By:

**Deputy Clerk**

2

Consented to by:                              PREET BHARARA
                                              United States Attorney for the
                                              Southern District of New York


                                   By:        _____
                                              Robert William Yalen
                                              Joseph N. Cordaro
                                              Jaimie L. Nawaday
                                              Assistant United States Attorney
                                              86 Chambers Street, Third Floor
                                              New York, New York 10007
                                              Telephone No. (212) 637-2800
                                              Facsimile No. (212) 637-2730
                                              Email: robert.yalen@usdoj.gov
                                                        joseph.cordaro@usdoj.gov
                                                        jaimie.nawaday@usdoj.gov
                                              *Attorney for Plaintiff-Intervenor*
                                              *the United States of America*


                                              PAUL, WEISS, RIFKIND,
                                              WHARTON & GARRISON LLP


                                   By:        *Theodore V. Wells, Jr.*
                                              _____
                                              Theodore V. Wells, Jr.
                                              Brad S. Karp
                                              Joyce S. Huang
                                              Paul, Weiss, Rifkind, Wharton & Garrison LLP
                                              1285 Avenue of the Americas
                                              New York, New York 10019-6064
                                              Telephone No. (212) 373-3000
                                              Facsimile No. (212) 757-3990
                                              Email: twells@paulweiss.com
                                                        bkarp@paulweiss.com
                                                        jhuang@paulweiss.com
                                              *Attorneys for Defendants Citigroup Inc.,*
                                              *Citibank, N.A., CitiMortgage, Inc.*

Dated: New York, New York
       February _____, 2012

                                              _____
                                              **Clerk of Court**

**So Ordered:**
                                   By:

_____              _____
United States District Judge                  **Deputy Clerk**

                                   2